# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO PERALTA TORRES,<br><br>　　Petitioner,<br><br>　v.<br><br>SERGIO ROMANCE, et al.,<br><br>　　Respondents. | Case No. 1:23-cv-01266-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Sergio Peralta Torres ("Petitioner") is proceeding *pro se* in an action challenging his denial of parole and the lack of sex offender treatment programs. As Petitioner has failed to comply with the order to file an application to proceed *in forma pauperis* or pay the filing fee, the undersigned recommends that this action be dismissed without prejudice for failure to pay the filing fee and comply with the Court's order.

**I.**

**BACKGROUND**

On August 23, 2023, Petitioner commenced the instant action by filing a prisoner civil rights complaint. (ECF No. 1.) Petitioner appears to challenge a 2022 denial of parole, arguing that the decision was contrary to Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997). (ECF No. 1 at 3.)[1] Petitioner also alleges that the California Department of Corrections and Rehabilitation

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  ("CDCR") does not provide any sex offender treatment programs. Petitioner contends that such
2  treatment programs are required by the Board for prisoners such as Petitioner to be found eligible
3  for parole. (ECF No. 1 at 4, 5.) Petitioner's requests for relief are treatment programs for rape
4  and child molestation cases, new regulations on these subjects, and evidence-based rehabilitation
5  programs for sex offenders in CDCR. (Id. at 6.)

6  On August 24, 2023, the Court ordered Petitioner to submit an application to proceed *in
7  forma pauperis* ("IFP") or pay the filing fee by September 18, 2023. (ECF No. 4.) On August 25,
8  2023, the Clerk of Court was directed to redesignate the complaint as a petition for writ of
9  habeas corpus. (ECF No. 5.)[2]

## II.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing federal court's inherent power to "act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders).

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

---

[2] Both the August 24th and August 25th orders were issued by United States Magistrate Judge Gary S. Austin. The Court notes that the August 24th order directed Petitioner to either file an application to proceed IFP or pay the $402 filing fee for civil cases. However, this action was redesignated as a petition for writ of habeas corpus, and the filing fee for habeas petitions is $5. The undersigned expresses no opinion on whether redesignation of the complaint to a habeas petition was appropriate.

1    "'The public's interest in expeditious resolution of litigation always favors dismissal.'"
2    Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th
3    Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

4    As to the Court's need to manage its docket, "[t]he trial judge is in the best position to
5    determine whether the delay in a particular case interferes with docket management and the
6    public interest. . . . It is incumbent upon the Court to manage its docket without being subject to
7    routine noncompliance of litigants[.]" Pagtalunan, 291 F.3d at 642. Petitioner has failed to file a
8    completed *in forma pauperis* application or otherwise pay the filing fee. This failure is delaying
9    this case and interfering with docket management. Therefore, the second factor weighs in favor
10   of dismissal.

11   Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in
12   and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991).
13   However, "delay inherently increases the risk that witnesses' memories will fade and evidence
14   will become stale," Pagtalunan, 291 F.3d at 643, and it is Petitioner's failure to file an IFP
15   application or otherwise pay the filing fee that is causing delay and preventing this case from
16   progressing. The Court is unable to proceed unless Petitioner is granted *in forma pauperis* status
17   or pays the filing fee. Therefore, the third factor weighs in favor of dismissal.

18   As for the availability of lesser sanctions, given that Petitioner has failed to comply with
19   the Court's order, despite being warned of possible dismissal, there is little available to the Court
20   that would constitute a satisfactory lesser sanction while protecting the Court from further
21   unnecessary expenditure of its scarce resources. Additionally, because the dismissal being
22   considered in this case is without prejudice, the Court is stopping short of using the harshest
23   possible sanction of dismissal with prejudice.

24   Finally, because public policy favors disposition on the merits, this factor weighs against
25   dismissal. After weighing the factors, the Court finds that dismissal without prejudice is
26   appropriate.

27   ///
28   ///

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for failure to pay the filing fee and failure to obey a court order.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This findings and recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the findings and recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's findings and recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 13, 2023**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE